IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maureen Perry, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 5435 |
| Malcolm S. Gerald & Associates, Inc., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maureen Perry, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Maureen Perry ("Perry"), is a citizen of the State of Rhode Island, from whom Defendant attempted to collect a delinquent consumer debt owed to HSBC Bank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Malcolm S. Gerald & Associates is an Illinois corporation ("MSG") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its headquarters in Chicago, Illinois, Defendant MSG operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MSG was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Perry.

5. Defendant MSG is licensed to conduct business in Illinois, maintains a registered agent here and is headquartered here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MSG conducts business in Illinois.

6. Moreover, Defendant MSG is licensed as a collection agency in Illinois, see, record from the Illinois Division of MSG Regulation, attached as Exhibit B. In fact, MSG acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Perry is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to HSBC Bank. When Defendant MSG began trying to collect this debt from Ms. Perry, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant MSG's collection actions.

8. On April 28, 2010, one of Ms. Perry's attorneys at LASPD informed MSG, in writing, that Ms. Perry was represented by counsel, and directed MSG to cease contacting her, and to cease all further collection activities because Ms. Perry was

forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant MSG's debt collector, "William Christian", directly called Ms. Perry, to demand payment of the HSBC Bank debt, including, but not limited to, a call from 800-693-3796 on or about May 26, 2010.

10. Accordingly, on July 13, 2010, Ms. Perry's LASPD attorney had to send Defendant MSG another letter, to again direct it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant MSG's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant MSG's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Perry's agent, LASPD, told Defendant MSG to cease communications and cease collections (Exhibit C). By continuing to

3

communicate regarding this debt and demanding payment, Defendant MSG violated § 1692c(c) of the FDCPA.

16. Defendant MSG's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant MSG knew that Ms. Perry was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant MSG to cease directly communicating with Ms. Perry. By directly calling Ms. Perry, despite being advised that she was represented by counsel, Defendant MSG violated § 1692c(a)(2) of the FDCPA.

20. Defendant MSG's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maureen Perry, prays that this Court:

1. Find that Defendant MSG's debt collection actions violated the FDCPA;

4

5

    2.      Enter judgment in favor of Plaintiff Perry, and against Defendant MSG, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maureen Perry, demands trial by jury.

                       Maureen Perry,

                       By: /s/ David J. Philipps
                       One of Plaintiff's Attorneys

Dated: August 27, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com